IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DONALD JOE BARBER, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 2:07-CV-2055-RDP |
| ) | |
| **CRST MALONE, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

Before the court is Defendant's Motion to Dismiss (Doc. # 8) filed on December 7, 2007. Plaintiffs' response (Doc. # 15) was filed on December 21, 2007. The motion came under submission at that time. For the reasons contained herein, Defendant's motion is due to be granted.

**I.      Factual and Procedural Background**

Plaintiffs Donald Joe Barber and Brenda Gail Barber[1] filed this suit against Defendant CRST Malone, Inc. ("CRST Malone") on September 24, 2007 in the Circuit Court of Jefferson County, Alabama. Their complaint, filling more than 150 pages, alleges that CRST Malone improperly and illegally withheld funds it owed to Brenda Gail Barber, who is an employee of CRST Malone. According to the complaint, the I.R.S. sent a notice of levy to CRST Malone in October, 2006 and

---

[1] The court notes that Plaintiffs object to various spellings of their names. There is no merit to these objections, and Plaintiffs would do well to spend less time attaching talismanic importance to spelling and capitalization. In almost every instance, names need not be spelled perfectly as long as the person named is reasonably put on notice that the document is addressed to him or her. This well-cherished doctrine, called *idem sonans,* hinges on notice and similarity, not on strict congruence. *See Grannis v. Ordean*, 234 U.S. 385, 395-96 (1914) (noting that "[i]n the spelling and pronunciation of proper names there are no generally accepted standards" and counseling a more flexible approach than the strict tests applied by the state courts at that time). Names that are spelled properly but appear in all capital letters, contain an abbreviated middle name, or lack a colon provide a litigant with all the notice due process requires. There are too many important and meaningful disputes on this court's docket to warrant wasting any more time with this nonsense.

CRST Malone began withholding the wages of Brenda Gail Barber pursuant to the levy.

The complaint includes thirteen counts against CRST Malone: (1) breach of contract; (2) misrepresenting to Brenda Gail Barber that CRST Malone was "required to divert said funds of the plaintiff to her detriment"; (3) misrepresenting to Brenda Gail Barber that she would be paid for her services; (4) conversion; (5) "fail[ing] or otherwise refus[ing] to inform the plaintiff that she had the option of submitting a Certificate of Exemption in Lieu of W-4 and fail[ing] to give the plaintiff full disclosure"; (6) theft; (7) mental anguish and stress; (8) increasing Brenda Gail Barber's risk of health problems; (9) reducing Brenda Gail Barber's ability to pay for her medications; (10) breach of contract; (11) misrepresentation or deceit for promising to pay Brenda Gail Barber for her services and then refusing payments; (12) undue hardship on Donald Joe Barber; and (13) racketeering.

CRST Malone filed a Notice of Removal (Doc. # 1) on November 9, 2007. This court ordered CRST Malone to answer or otherwise respond to Plaintiffs' complaint by December 7, 2007.

**II.    Standard of Review**

Defendant has challenged the sufficiency of Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6), which provides for dismissal of a complaint for failure to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). A court may dismiss a complaint under Rule 12(b)(6) if a plaintiff fails to provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombley*, 127 S.Ct. 1955, 1974 (2007). That is, if a plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id.*

In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party." *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1047 (11th Cir. 2002) (citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998)). "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (citing *Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) (en banc)). Further, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (emphasis in original). Nevertheless, conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal. *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002); *see Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003) ("[A] plaintiff must plead specific facts, not mere conclusional allegations, to avoid dismissal for failure to state a claim. We will thus not accept as true conclusory allegations or unwarranted deductions of fact.") (internal citations omitted); *Kirwin v. Price Commc'ns. Corp.*, 274 F. Supp. 2d 1242, 1248 (M.D. Ala. 2003) ("[A]lthough the complaint must be read liberally in favor of the plaintiff, the court may not make liberal inferences beyond what has actually been alleged."), *aff'd in part*, 391 F.3d 1323 (11th Cir. 2004).

**III.   Analysis**

Defendant's motion to dismiss asserts that CRST Malone is immune from suit under 26 U.S.C. § 6332(e). This statute provides that:

> Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)) shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

28 U.S.C. § 6332(e). The effect of this statute is that a custodian who honors the levy is immune from suit by the taxpayer. *See Burroughs v. Wallingford*, 780 F.2d 502, 503 (5th Cir. 1986).[2] Courts all over the country have consistently reached this same result. *See, e.g., United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 721 (1985); *Congress Talcott Corp. v. Gruber*, 993 F.2d 315, 318 (3rd Cir. 1993); *Melton v. Teachers Ins. & Annuity Ass'n of Am.*, 114 F.3d 557, 560 (5th Cir. 1997); *Kentucky v. Laurel County*, 805 F.2d 628, 635 (6th Cir. 1986); *Carman v. Parsons*, 789 F.2d 1532, 1534 (11th Cir. 1986) (holding that trustees who complied with a lien were immune from liability where the plaintiff claimed damages under ERISA). In this action, the existence of the levy is admitted by Plaintiffs and therefore the only possible result is that § 6332(e) makes Defendant immune from suit.[3]

Plaintiffs assert that their claims against Defendant do not arise out of Defendant's compliance with the I.R.S. levy but rather "find their genesis in the initial contract to perform services for [Defendant]." (Doc. # 15, 6). While it is true that Plaintiffs would have had no reason

---

[2] In 1986, Congress amended § 6332 such that subsection (d) became what is now subsection (e). Therefore, the subsection cited in *Burroughs* is the same provision quoted in full above.

[3] Once the existence of the levy is admitted, the only way for an employer to avoid compliance with an I.R.S. levy is if the employer has one of two defenses: (1) the custodian is not in possession of any of the employee's property (*i.e.*, the employee has earned no wages) or (2) the wages are subject to a prior judicial restraint. *See Nat'l Bank of Commerce*, 472 U.S. at 721-22. Nothing in the record suggests that these defenses apply here.

to bring this action against Defendant if Brenda Gail Barber never worked for Defendant, Plaintiffs' argument is not persuasive. This court need not find that this action arose out of Defendant's compliance with the I.R.S. levy *and nothing else*; all that the statute requires is that this action arise out of the employer's compliance with the levy. 28 U.S.C. § 6332(e). All of Plaintiffs' claims share as their common root Defendant's compliance with the I.R.S. levy—had there been no compliance, Plaintiffs would not have brought any of these claims.

Plaintiffs' brief raises other arguments, none of which help their case. It is not clear that Plaintiffs have challenged the validity of the notice of levy given to CRST Malone, but even if they have, CRST Malone is still entitled to statutory immunity. *See Jerkins v. Internal Revenue Serv.*, 1996 WL 604491, at * 2 (S.D. Ala. Aug. 6., 1996), *aff'd mem.*, 117 F.3d 1432 (11th Cir. 1997). The cases confirm the clear language of the statute: a person or entity that receives a notice of levy from the I.R.S. must comply with the levy. If a taxpayer wishes to challenge the validity of the levy, that challenge should be addressed to the United States and not the custodian of the disputed property. *Burroughs*, 780 F.2d at 503.

Plaintiffs' contentions that the notice of levy is not itself a levy or that it is invalid because it lacks the signature of the Secretary of the Treasury are similarly without any merit whatsoever. *See Schiff v. Simon & Schuster, Inc.*, 780 F.2d 210, 212 (2d Cir. 1985) ("Without exception the caselaw supports the use of a notice of levy"). Even rudimentary research into this matter would have revealed to Plaintiffs that their position has no merit. Likewise, Plaintiffs' bizarre statement that "the defendant does not have the authority. . . to cause the Plaintiff(s) [*sic*] to violate public policy by ordering them to pay in anything but gold and silver coin," cuts no ice at all. (Doc. # 15,

8). The constitutional provision they cite[4] applies clearly and unambiguously to the States only, not to the Federal Government. *See The Legal Tender Cases*, 110 U.S. 421, 446 (1884) (stating "[b]y the constitution of the United States, the several states are prohibited from coining money, emitting bills of credit, or making anything but gold and silver coin a tender in payment of debts. But no intention can be inferred from this to deny to congress either of these powers"). All of Plaintiffs' remaining arguments are likewise unavailing.

In conclusion, Plaintiffs' claim is due to be dismissed because Defendant's compliance with an admitted I.R.S. levy makes Defendant immune from a suit of this nature. Because Defendant is immune, Plaintiffs' complaint states no cause of action for which this court may grant relief.

### IV.   Conclusion

For these reasons, Defendant's Motion to Dismiss is due to be granted and Plaintiffs' claims are due to be dismissed with prejudice. The court will enter an opinion consistent and contemporaneous with this memorandum opinion.[5]

**DONE** and **ORDERED** this _____16th_____ day of January, 2008.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[4]"No state shall. . . make any Thing but gold and silver Coin a Tender in Payment of Debts." U.S. CONST. art. I, § 10, cl. 1.

[5]Plaintiff's "Petition to Set Aside the Rules and to Follow the Law" (Doc. # 12) and "Petition in the Form of a Motion for Sanctions" (Doc. # 13) are also due to be denied.